

**V. Conclusion**

For the reasons discussed above and pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the Court finds that extraordinary and compelling reasons warrant a reduction of Taylor's sentence. Taylor does not pose a danger to any other person or the community, the Section 3553(a) factors support a reduction, and the reduction is consistent with applicable U.S. Sentencing Commission policy statements. Accordingly,

---

[157] *Id.* at 36.

[158] Rec. Doc. 151 at 3.



GOVERNMENT EXHIBIT A

**IT IS HEREBY ORDERED** that Defendant Samuel Taylor's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is **GRANTED**.[159] Taylor's sentence is reduced to time served in prison.

**IT IS FURTHER ORDERED** that upon release from imprisonment, Taylor shall be placed on supervised release for a term of five years. This term consists of three years of supervised release as to each of Counts 1, 5, and 6, and a term of five years of supervised release as to each of Counts 2, 3, and 4, with all terms to be served concurrently. While on supervised release, Taylor shall abide by all standard and special conditions of supervised release, which were previously imposed at sentencing:[160]

1. Considering Taylor's reported history of mental health issues, Taylor shall submit to a mental health evaluation. If treatment is recommended, Taylor shall participate in an approved outpatient treatment program and abide by all supplemental conditions of treatment, to include medication as prescribed.[161] Taylor will contribute to the costs of services rendered (co-payment) based his ability to pay or availability of third-party payment.

2. Taylor shall pay any fine/restitution/CJA fee that is imposed by the judgment.

3. To ensure that Taylor supports himself through lawful means, Taylor shall maintain full-time, legitimate employment and not be unemployed for a term of more than 30 days unless excused for school, training, or other acceptable reasons. Further, Taylor shall provide documentation including but not limited to pay stubs, contractual agreements, W-2 Wage and Earning Statements, and other documentation requested by the United States Probation Officer. If unemployed, Taylor shall participate in employment readiness programs, as approved by the Probation Officer.

4. Considering Taylor's history of substance abuse as documented in the Presentence Investigation Report, Taylor shall undergo random urinalyses, as directed by the

---

[159] Rec. Doc. 173.

[160] *See* Rec. Docs. 161, 167.

[161] The terms of this condition are modified to specify outpatient treatment as required by the Fifth Circuit's recent holding "that the judge may not delegate to the probation officer the decision to require inpatient, rather than outpatient, treatment because of the liberty interests at stake." *United States v. Martinez*, No. 20-20148, 2020 WL 6281738, at *3 (5th Cir. Oct. 27, 2020).

    United States Probation Officer. If Taylor tests positive for the use of illegal narcotics, he may participate in an approved outpatient treatment program for substance abuse and abide by all supplemental conditions of treatment, unless directed otherwise by the Court.[162] Taylor shall contribute to the cost of this program to the extent that Taylor is deemed capable by the United States Probation Officer.

5. Considering the nature of the instant offense, Taylor shall submit his person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time in a reasonable manner, based upon reasonable suspicion that contraband or evidence of a violation of a condition of supervision may exist; failure to submit to a search may be grounds for revocation; Taylor shall warn any other resident(s) that the premises may be subject to searches pursuant to this condition.

Additionally, in light of the COVID-19 pandemic and the reduction of sentence granted to Taylor by this Order, the following additional special conditions shall also be imposed:

1. In light of the COVID-19 pandemic, once released Taylor shall self-quarantine for a period of 14 days.

2. To address public safety, provide transitional housing, and assist with job/vocational readiness, Taylor shall reside at the local Residential Reentry Center for up to six (6) months. Taylor shall observe the rules of the facility. Further, Taylor shall contribute to the cost of such confinement to the extent that he is deemed capable by the United States Probation Officer. Taylor shall report to the Volunteers of America Residential Reentry Center within 24 hours of his release from the Bureau of Prisons. Taylor is also directed to contact the United States Probation Office by phone at 504-589-3200 immediately upon arrival to the Residential Reentry Center to set up location monitoring. While at the Residential Reentry Center, Taylor shall follow all COVID-19 protocols.[163]

3. To address public safety, Taylor shall be placed on home detention and monitored by GPS for a period of no more than twelve (12) months, to commence immediately upon release from the Bureau of Prisons. Taylor is restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the United States Probation Officer. Taylor shall wear an electronic device and shall observe the rules specified by the United States Probation Office. Taylor shall

---

[162] The terms of this condition are also modified to specify outpatient treatment as required by the Fifth Circuit's recent holding in *Martinez*, WL 6281738, at *3.

[163] During this period, the United States Probation Office will assist Taylor in finding permanent housing.

25

    contribute to the cost of this program to the extent that he is deemed capable by the United States Probation Officer.

4. To assist Taylor with his re-entry into the community, Taylor shall provide monthly updates to the Court.

If Taylor violates any condition of supervised release, his term of supervised release could be revoked and he could be sentenced to serve in prison all or part of the term of supervised release without credit for any time previously served on supervised release.[164]

**IT IS FURTHER ORDERED** that the Clerk of Court maintain this Order and Reasons under seal with copies to be served on counsel for Defendant Samuel Taylor, counsel for the United States, the United States Probation Office for the Eastern District of Louisiana, and the Bureau of Prisons.

**NEW ORLEANS, LOUISIANA,** this 23rd day of November, 2020.

_____
NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT



CLERK'S OFFICE
A TRUE COPY
Nov 24 2020
Deputy Clerk, U.S. District Court
Eastern District Of Louisiana
New Orleans, LA

---

[164] *See* 18 U.S.C. § 3583(e)(3).